USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/2022

Form as of October 30, 2017

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

Michael P. Goodman

_____
                              Plaintiff(s),

-against-

Gila Goodman, a/k/a Gila Dweck, a/k/a Gila Dabah, Jane Doe 1 through 20,
_____
                              Defendant(s).

---

CIV. NO. 1:21-cv-10902 _____

**Joint Electronic Discovery Submission No.** 1___ **and [Proposed] Order**

One or more of the parties to this litigation have indicated they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests.  This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action.  The parties and the Court recognize that this Joint Submission and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this submission may become necessary as more information becomes known to the parties.

1. **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2017 to May 30, 2017"]:**

   Plaintiff brings federal and state law claims arising from Defendant's alleged hacking into his personal computer to improperly access and/or destroy his personal data, and recording Plaintiff's telephone conversations without permission. Defendant denies these allegations and has filed a motion to stay or dismiss, which remains pending.

   a. **Estimated amount of Plaintiff(s)' Claims:**

   ☒ Monetary (absolute number or range): $ 200,000,000
   ☐ Equitable Relief (if so, specify) _____
   ☐ Other (if so, specify) _____

   b. **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

   ☐ Monetary (absolute number or range): $ _____
   ☐ Equitable Relief (if so, specify) _____
   ☐ Other (if so, specify) _____

2. **Competence**. Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

3. **Meet and Confer**. Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference. Counsel certify that they have met and conferred to discuss these issues.

   Date(s) of parties' meet-and-confer conference(s):

   August 15, 2022, September 23, 2022

**4.** **Unresolved Issues**:  The following issues concerning discovery of electronic information remain outstanding and/or require court intervention (check all that apply):

☐ Preservation
☐ Search and Review
☐ Sources of Production
☐ Forms of Production
☐ Identification or Logging of Privileged Material
☐ Inadvertent Production of Privileged Material
☐ Cost Allocation
☐ Other (specify): _____

**5.** **Preservation.**

    **a.** **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which data is maintained; identification of computer system(s); and identification of the individual(s) responsible for data preservation, etc. To the extent the parties have reached agreement as to preservation of electronic information, provide details below:**

The parties will preserve and retain email correspondence, text messages, instant messages, ephemeral data, business records and communications, financial and transactional records and spreadsheets, and such other documents that may be reasonably understood as related to the matters set forth in the pleadings.
_____
_____

    **b.** **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:**

The parties have not disclosed or agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.
_____

3

    c.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:**

        The parties do not anticipate any need for judicial intervention at this time.

6.    **Search and Review.**

    a.    **The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:**

        If reasonably necessary, the parties shall use and exchange keyword search lists and (i) initial keyword search lists will be exchanged by no later than October 14, 2022; (ii) the parties will meet and confer in good faith to address any disputes with regard to the initial keyword search lists; and (iii) the parties will endeavor to reach agreement on final keyword search lists by October 28, 2022. After the final keyword search lists are run against the parties' respective document collections, the parties shall conduct a privilege review and proceed with production.

9993125v.1

b. **The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:**

The parties do not anticipate any need for judicial intervention at this time.

7. **Production.**

   a. *Source(s) of Electronically Stored Information.* **The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, etc.]:**

   Plaintiff(s):

   Plaintiff anticipates that relevant electronically stored information repositories include email account(s), instant and/or web-based messaging platforms, cloud-based storage account(s), and various computing devices upon which Plaintiff's data and communications are stored.

   Defendant(s):

   While Defendant is still investigating her potential sources of information, she anticipates that relevant electronically stored information repositories include email account(s), instant and/or web-based messaging platforms, cloud-based storage account(s), and various computing devices.

b. ***Limitations on Production.*** **The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:**

The parties will produce documents from their accounts and storage repositories. There are no specific date ranges for potentially relevant data (other than as set forth in the discovery requests). The parties may employ a rolling production in order to facilitate an efficient production of documents following a review of same.

c. ***Form(s) of Production.*** **The parties have discussed and agreed to the following regarding the form(s) of productions (e.g., TIFF, pdf, native, etc.):**

All documents shall be produced in native format to the extent reasonably possible.

d. **The parties anticipate the need for judicial intervention regarding the following issues concerning production:**

The parties do not anticipate any need for judicial intervention at this time.

**8. Privileged Material.**

    **a.** *Identification.* **The parties have discussed and agreed to the following method(s) for identification (e.g., individual logging, categorical logging, etc.) and redaction of privileged documents:**

The parties shall comply with Federal Rule of Civil Procedure 26(b)(5)(A) and exchange privilege logs by no later than December 5, 2022.

    **b.** *Inadvertent Production / Claw-Back Agreements.* **Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):**

The parties agree to meet and confer in good faith regarding whether to seek an F.R.E. 502(d) order in this case.

    **c.** **The parties have discussed a 502(d) Order.  Yes __; No __ The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

    **d.** **The parties anticipate the need for judicial intervention regarding the following issues concerning privileged material:**

The parties do not anticipate any need for judicial intervention at this time.

9. **Cost of Production.**

   a. *Costs:* **The parties have analyzed their client's data repositories and have estimated the costs associated with production of electronically stored information. The factors and components underlying these costs are estimated as follows:**

   Plaintiff(s):

   Plaintiff does not currently have an estimate of the costs associated with the production of electronically stored information. Notwithstanding, Plaintiff expects that the parties will each bear their respective costs in this regard.

   Defendant(s):

   Defendant likewise does not currently have an estimate of the costs associated with the production of electronically stored information. Defendant currently anticipates that the parties will bear their reasonable, respective costs in this regard.

   b. *Cost Allocation.* **The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:**

   The parties have not reached any agreement regarding cost-shifting or cost-sharing at this time.

8

    c.    ***Cost Savings.*** **The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:**

> The parties have not reached any agreement regarding cost-saving measures as no such measures are believed to be necessary at this time.
>
> _____
> _____
> _____
> _____

    d.    **The parties anticipate the need for judicial intervention regarding the following issues concerning the costs of production of electronically stored information:**

> The parties do not anticipate any need for judicial intervention at this time.
>
> _____
> _____
> _____
> _____

**10.**    **Other Issues, if any.**

_____
_____
_____
_____
_____
_____
_____
_____
_____

9993125v.1

The preceding constitutes the agreement(s) reached, and disputes existing (if any), between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: Michael P. Goodman          By: Erin T. Huntington
Party: Gila Goodman a/k/a Gila Dabah   By: Stephanie Shimada
Party: _____     By: _____
Party: _____     By: _____
Party: _____     By: _____
Party: _____     By: _____

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on November 11, 2022.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for _____.

Additional conferences, or written status reports, shall be set for every ___ weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. A joint agenda should be submitted to the Court three (3) business days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court no less than 48 hours

10

9993125v.1

in advance of the scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Dated: \_\_\_September 26\_\_\_, 20<u>22</u>     SO ORDERED:

_____
Hon. Robert W. Lehrburger
United States Magistrate Judge