**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

Megan Richardson
To Call Writer Directly:
+1 312 862 4050
megan.richardson@kirkland.com

333 West Wolf Point Plaza
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

January 1, 2026

**VIA CM/ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *Goodman v. Goodman et al.*, No. 1:21-cv-10902-GHW-RWL

Dear Judge Woods:

We represent Defendant Gila Dabah ("Defendant") in the above-captioned action. We write to preview certain evidence that may be introduced at trial.

### A. Evidence Regarding Plaintiff's Abuse of Ms. Dabah Is Relevant to Rebut Plaintiff's Claim for Punitive Damages.

In order to recover punitive damages, Plaintiff must establish a "a wanton, reckless or malicious violation" of the ECPA. *Schmidt v. Devino,* 206 F. Supp. 2d 301, 308 (D. Conn. 2001). In determining whether a defendant's violation of the ECPA was "wanton, reckless or malicious," courts consider the defendant's motive, intent, the circumstances surrounding the violation, and the defendant's use and manipulation of the recording. *See Deal v. Spears*, 980 F.2d 1153, 1159 (8th Cir. 1992) (punitive damages not appropriate when defendant "installed [a] recorder" at their business to catch a thief); *Sanders v. Robert Bosch Corp.*, 38 F.3d 736, 743 (4th Cir. 1994) (no punitive damages because there was "no evidence that the substance of any of [plaintiff's] conversations was ever disseminated); *Campiti v. Walonis*, 467 F. Supp. 464, 466 (D. Mass. 1979) (no punitive damages where "defendants believed in the propriety of their actions"); *Schmidt,* 206 F. Supp. at 308 (probing defendant's motive when determining the amount of punitive damages).[1]

---

[1]   The Southern District of New York has also indicated that a defendant's motive is relevant to a determination of punitive damages in the non-ECPA context. *Schlaifer Nance & Co. v. Estate of Warhol*, 927 F. Supp. 650, 665

Case 1:21-cv-10902-GHW-RWL   Document 131   Filed 01/01/26   Page 2 of 3

# KIRKLAND & ELLIS LLP

Judge Woods
January 1, 2026
Page 2

    *Klumb v. Goan*, 2011 WL 5358706 (E.D. Tenn. Nov. 4, 2011), is instructive. In that case, a husband brought claims against his wife under the ECPA accusing her of using spyware to intercept his e-mails. *Id.* at *3. The defendant-wife alleged that she placed spyware on her husband's computer, because she suspected him of having an affair. *Id.* The defendant-wife filed a motion for summary judgment on the plaintiff's claims for punitive damages. After denying that motion, the court previewed the contours of permissible evidence of punitive damages:

> If the jury concludes punitive damages are appropriate, the jury will be required to look at the many factors listed above to determine the amount of damages. As part of this process, defendant will be allowed to present evidence of plaintiffs conduct to the extent that it is relevant to explain what motivated the defendant to install the spyware. In short, the upcoming trial promises to become extremely difficult and unpleasant for both parties. Neither party will be able to carefully pick and choose what evidence of marital misconduct and discord is admissible at trial. The Court desires that the parties be aware that this matter will likely extend far beyond the simple question of whether the defendant placed spyware on the plaintiffs computer without his consent.

*Id.* at *4.

    As in *Klumb*, this case involves an acrimonious marriage, albeit with the added gloss of a contentious divorce action. Ms. Dabah will testify that, on June 5, 2020, she went down to Apartment #5BC to retrieve her personal belongings. She will further testify that she approached the door with her phone set to record because Plaintiff had repeatedly physically, emotionally, psychologically abused her in the months leading up to June 5, 2020. The jury may consider these "mitigating circumstances" in evaluating Plaintiff's request for punitive damages.

### B.    Evidence Regarding Plaintiff's Abuse of Ms. Dabah Is Relevant to Ms. Dabah's Motive and Intent.

    Fed. R. Evid. 404(b)(2) states that evidence of other crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Here, evidence of Plaintiff's prior physical and emotional abuse of Ms. Dabah is relevant to her state of mind, intent, and motive at

---

    (S.D.N.Y. 1996) ("Rather, the decision whether to award punitive damages must be based on an overall appraisal of defendant's conduct, motive, and mental state. Punitive damages should be awarded only when the defendant's conduct 'is sufficiently willful and egregious to indicate a need for something more than compensatory relief.'").

## KIRKLAND & ELLIS LLP

Judge Woods
January 1, 2026
Page 3

the time of the June 5, 2020 recording and is consistent with the Second Circuit's inclusionary approach to Rule 404(b).  *See United States v. Frank*, 11 F. Supp. 2d 314, 317 (S.D.N.Y. 1998) ("The Second Circuit has adopted an inclusionary approach to Rule 404(b). Indeed, in this Circuit, "evidence of prior crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity." (quoting *United States v. Lasanta*, 978 F.2d 1300, 1307 (2d Cir.1992) (emphasis in original) (citations omitted))).[2]

### C. Video Impeachment Evidence

During his deposition, Plaintiff testified that Ms. Dabah was physically and emotionally abusive in the marriage.  (M. Goodman Tr. 16:5-6; 115:20-116:3; 116:25-117:8).  Ms. Dabah denies these allegations.  Plaintiff also painted a one-sided picture of the marriage, levying all the blame on Ms. Dabah for its end.  (*Id*. at 72:13-15; 79:20-80:3).  Ms. Dabah also denies these allegations.

In any event, to the extent Plaintiff attempts to paint this picture at trial, Ms. Dabah intends to introduce impeachment evidence, including videos establishing Plaintiff's infidelity and abuse of Ms. Dabah, to impeach Plaintiff.  Under Fed. R. Evid. 608(b), extrinsic evidence may be used on cross-examination "if they are probative of the character for truthfulness or untruthfulness of . . . the witness."  "[I]mpeachment by contradiction . . . provides that when a witness puts certain facts at issue in his testimony, [the opposing party] may seek to rebut those facts, including by resorting to extrinsic evidence if necessary."  *United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010).

Respectfully submitted,

*/s/ Megan Richardson*

Megan Richardson

cc:   All Counsel of Record

---

[2]   Any concerns of prejudice under Federal Rules of Evidence 403 can be addressed by "[a] charge to the jury, which include[s] an appropriate instruction on this evidence's limited purpose, mitigated any lingering risk of prejudice."  *United States v. Curley*, 639 F.3d 50, 59 (2d Cir. 2011) (finding that permitting evidence of husband's prior abuse was not abuse of discretion where the evidence explained an abused wife's conduct).